UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-79-B-W |
| | ) | |
| CAREY GONYER | ) | |

**ORDER AFFIRMING THE**
**RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on January 25, 2006 her Recommended Decision on Defendant Carey Gonyer's Motion to Suppress. (Docket # 30). Mr. Gonyer filed his objections to the Recommended Decision on February 13, 2006 and an addendum to his objections on February 28, 2006. (Docket # 33, 35). The Government filed its objections to the Recommended Decision on February 16, 2006. (Docket # 34). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.[1]

**I. The Government's Objection**

The Government objects to the proposed findings of fact on the ground that the Recommended Decision failed to accurately reflect Mr. Gonyer's response to FBI Agent James Herbert's request to look at his computer. The Recommended Decision states: "In any event, all three agree that Gonyer's response to this query was 'Yup.'" *Rec. Dec.* at 3 (Docket # 30). The Government contends this is in error and that Agent Herbert and Maine State Police Detective

---

[1] This Court overrules both Mr. Gonyer's and the Government's objections. The Government's objection to the Recommended Decision's proposed findings of fact, however, is specifically addressed in § I of this opinion.

Brian Strout actually testified that Mr. Gonyer said "*at least* 'Yup,' but also 'No problem' or words to that effect." *Govt.'s Obj. to Rec. Dec. on Def.'s Mot. to Suppress* at 1 (Docket # 34) (emphasis in original). The Government is incorrect.

The transcript of the January 19, 2006 suppression hearing (Docket # 36) reveals the following dialogue between Assistant United States Attorney (AUSA) Gail Malone and Agent Herbert:

> Q. What happened after you asked him those specific questions about his use of the computer for child pornography?
>
> A. I don't remember the exact words, but I think I said, "May I look at your computer?" And he said, "Yes," or "Yep," "Yes."
>
> Q. What is your best remem - - memory of his response when you said, "I'm gonna look at" - - "I need to look at your computer," "I want to look at your computer," "May I look at your computer?"
>
> A. "Yes," or "Yeah," he said yes.
>
> Q. What happened after he said, "Yup," or "Yes," in response to your asking to look at the computer?
>
> A. I went over to the computer and I maneuvered a mouse, and there was an AOL icon.

*Transcript* at 15-17 (Docket # 36).

The transcript reveals the following dialogue between AUSA Malone and Detective Strout:

> Q. At some point during Mr. Herbert's exchange with Mr. Gonyer, did Mr. Herbert ask to look at the computer?
>
> A. Yes.
>
> Q. Do you remember the exact words that were exchanged between him and Mr. Gonyer?
>
> A. No, I do not.

2

> Q. Do you remember essentially what Mr. Herbert said? What's your best memory of what Mr. Herbert said?
>
> A. As I recall, Mr. Herbert said, "Well, you know, obviously we're here to look at the computer," or "The computer is the issue here. We need to look - - we need to or we'd like to look at the computer." I don't remember his exact words, but obviously the computer is the issue. Mr. Gonyer did not have a problem with that.
>
> Q. How did Mr. Gonyer respond in your memory?
>
> A. I don't remember his exact words, but, "Yes," or "Yep," or - - I don't know, something along those lines. He seemed to be all set with that.

*Id.* at 45-46.

> The transcript reveals the following testimony by Mr. Gonyer:
>
> Q. Yes. Well, what was the next thing he said after you said that you do go online?
>
> A. "We need to take a look at your computer."
>
> Q. Now, you've heard the prior testimony about how that question was asked or how that statement was made, correct?
>
> A. Yes.
>
> Q. How clear are you, how certain are you that those are the exact words used by Mr. Herbert, Agent Herbert?
>
> A. I'm positive that that's what was said.
>
> Q. What was your response when he said - - when he said he had a need to look at your computer?
>
> A. I don't know if I just shrugged or said, "Yeah," but it wasn't - - I probably didn't give him a clear answer because the way he - - you know, he said, "Hey, I need to look at your computer." I didn't think I needed to respond. I don't know if I even did respond.
>
> Q. It's possible that you said, "Yup"?
>
> A. Yes.

3

*Id.* at 67-68.

As this testimony establishes, Magistrate Judge Kravchuk was entirely correct when she noted that Mr. Gonyer responded something like "Yup" to Agent Herbert's request to look at his computer. Detective Strout's testimony to the effect that Mr. Gonyer had "no problem" appears to be a characterization of Mr. Gonyer's response, not a reference to his exact words.

**II. Conclusion**

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (Docket # 30) is hereby <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that Defendant's Motion to Suppress (Docket # 16) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2006